AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>JEREMY SOUTAR,<br><br>Defendant. | )<br>)<br>) Case No. 5:25-mj-00280 (TWD)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of June 19, 2025 in the county of Cayuga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Attempted Coercion Enticement |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

*Complainant's signature*

Martin Baranski, Special Agent
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: September 11, 2025

*Judge's signature*

City and State: Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

### AFFIDAVIT IN SUPPORT
### OF A CRIMINAL COMPLAINT

I, Martin Baranski, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Jeremy Soutar ("Soutar") with violating Title 18, United States Code, Section 2422(b) (attempted coercion enticement) (the "Subject Offense").

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since May 2018. I have conducted and participated in numerous investigations of criminal activity, including but not limited to criminal violations relating to the sexual exploitation of minors and the possession, receipt and distribution of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A. During the investigation of these cases, I have participated in the execution of search warrants and seized evidence of these violations, including electronic evidence. I have also previously served on numerous occasions as the affiant for such search warrants. In addition, I have received formal training in the area of child pornography and child exploitation.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause to believe that Soutar has committed the Subject Offense.

## PROBABLE CAUSE

4. On or about June 19, 2025, a Task Force Officer with the New York State Police ("NYSP") was acting in an online covert employee capacity ("OCE") on a social media messaging application ("Application A") commonly used for people to connect and then meet for sexual activity.

5. The NYSP OCE created an Application A profile that included two age regressed images of a different FBI TFO. The age regressed images were altered to appear as an approximately 14-year-old boy. The NYSP OCE included an age on the Application A profile of 74 years old to make it appear obvious that the stated and actual age of the user were intentionally inaccurate. In my training and experience, I know that it is common for minors using Application A and similar applications to lie about their ages in extreme ways to signal to other users that they are in fact underage.

6. On the same date, an Application A profile with the display name of "Useme" and a profile picture of an adult male wearing a red t-shirt messaged the NYSP OCE 14-year-old boy profile. As described further below, "Useme" was Soutar, a level 3 registered sex offender in New York with a prior conviction in 2014 for violating N.Y. Penal Law § 130.75(1) (Course of sexual conduct against a child in the first degree).

7. The NYSP OCE stated to Soutar, "I'm only 14 so no license yet ill be 15 at the end of summer." Throughout the conversation, the NYSP OCE continued to reiterate his age to Soutar.

8. In sum and substance, Soutar's messages to the NYSP OCE made it apparent that he had a sexual interest in the 14-year-old boy and sought to entice him to engage in sexual activity. For example, Soutar sent the NYSP OCE videos of himself masturbating and inserting objects into

his anus. In relation to the videos, Soutar said, "No video of sucking dick but the videos I sent would be something to teach you." Soutar told the NYSP OCE that he wanted to perform oral sex on him and to receive oral sex. He also told the NYSP OCE to watch a homosexual pornography website, told the NYSP OCE that he would shower with him, promised he would not do anything the NYSP OCE did not want and would stop anytime, and told the NYSP OCE that he did not want the NYSP OCE to have a bad experience.

9. On June 20, 2025, Soutar traveled to the Red Roof Inn, in Weedsport, NY, where the NYSP OCE acting as the 14-year-old boy told Soutar that the NYSP OCE was staying. Soutar traveled to the Red Roof Inn in his 2013 Ford F-150 but did not park in the hotel parking lot. Instead, he traveled across the street to the Arby's restaurant parking lot and requested the NYSP OCE meet him there. The NYSP arrested Soutar in the Arby's parking lot.

10. Investigators with the Cayuga County Sheriff's Office ("CCSO") read Soutar his *Miranda* Rights. Soutar indicated that he understood and agreed to waive those rights and speak with investigators. Although the initial portion of the interview where Soutar was provided *Miranda* warnings was properly recorded, the questions/answers back at the station did not record properly. In sum and substance and as relevant to this affidavit, Soutar admitted to owning the Useme Grindr account, messaging with the NYSP OCE, and planning to meet with the 14-year-old boy whom he believed was an actual child. He consented for CCSO, the NYSP, and the FBI to search his pink Apple iPhone, the device he stated that he used for messaging with the NYSP OCE.

11. The NYSP Computer Crimes Unit forensically extracted Soutar's Apple iPhone on or about the date of Soutar's arrest, pursuant to his consent.

3

12. On August 21, 2025, your affiant obtained a search warrant for the Apple iPhone and the related forensic extraction from the Honorable U.S. Magistrate Judge Therese Wiley Dancks in the Northern District of New York. Your affiant reviewed the contents of the forensic extraction and confirmed that the above-described chats and videos were located on Soutar's Apple iPhone.

## CONCLUSION

13. Based on the aforementioned facts, there is probable cause to believe Soutar has committed the Subject Offense.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Martin Baranski*
Martin Baranski, Special Agent

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by video conference on September 11, 2025 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Thérèse Wiley Dancks
United States Magistrate Judge

4